## CIRCUIT COURT OF WARREN COUNTY

Streets

v.

Bechamps et al.

August 8, 1994

Case No. (Law) 93-154

BY JUDGE JOHN E. WETSEL, JR.

I have reviewed the cross motions to determine the sufficiency of the respective responses to requests for admissions under Rule 4:11 and have made the following decision to overrule the Defendant's objections to the Plaintiff's request for admissions and to deny the Defendant's second motion to determine the sufficiency of the Plaintiff's responses to the Defendant's requests for admissions. As noted at the last hearing on the sufficiency of the Plaintiff's responses to the Defendant's request for admissions: "[T]he purpose of [requests for] admissions is not to discover facts but rather to establish some of the material facts in a case without the necessity of formal proof at trial." 23 Am. Jur. 2d, *Depositions and Discovery*, § 314. Accordingly, they are regularly used to establish the authenticity of documents and background facts, such as the contents of medical records, the substance of which is not in dispute. They are an excellent vehicle for limiting both the length and the issues of a trial.

1. *Plaintiff's Motion to Determine the Sufficiency of Defendants' Answers and Objections to Plaintiff's Request for Admissions*

A request to review medical records and admit or deny the truthfulness of the facts and opinions therein expressed is not overbroad, burdensome, and oppressive where the Plaintiff has volunteered to arrange conference calls to talk to treating physicians where there is a question about the accuracy of facts or opinions therein stated. Most of the requests deal with medical records which the defense may subpoena and compare with the copies given to them by the Plaintiff. As a practical matter in the universe

of a medical malpractice case, there are hundreds of facts and opinions which are not contested and only a small number which actually are, and it is in no one's interest to have to prove each one of the minor, uncontested facts or opinions unnecessarily. It is strange for the Defendants to say it is burdensome and oppressive to inquire about matters concerning the Plaintiff's medical condition because, if the fact or opinion is relevant, the Defendants' position on these points should be crystallized, and they should be prepared to rebut or offer counter proof of a contested fact or opinion. Conversely, if the fact or opinion is uncontested or not relevant to their case, why spend everybody's time requiring proof of it? It is dysfunctional for both the Court and the jury to hear proof of a lot of extraneous, contextual medical evidence which could be refined by requests for admissions. This is the very reason for requests for admissions. Therefore, the Defendants' Objections to the Plaintiff's Request for Admissions as set forth in the Plaintiff's Motion to Include Points and Authorities in Support by Plaintiff to determine the sufficiency of Defendants' answer to Plaintiff's Request for Admissions are overruled, and the Defendants shall answer the Plaintiff's Requests for Admissions on or before August 31, 1994.

*2. Defendants' Second Motion to Determine the Sufficiency of Plaintiff's Answer to Defendant's Requests for Admissions Is Denied*

Statistics are generalities which may provide guidance in an individual case, and that is the Plaintiff's response to Request for Admissions 45 and 46. The answer was stated in Dr. Singer's deposition: "Statistics are generalities." "They can give you guidance, that's all," and it appears that is the substance of the Plaintiff's response. The response to Admission Number 51 is that the delay in treatment reduced the Plaintiff's chances of survival by ten to thirty percent. With respect to Interrogatories Numbers 52 and 53, I understand Dr. Singer's opinion to be that no one can categorically say that Mr. Streets would have been cured had his rectal tumor been diagnosed and properly treated on or about June 26 or 27, 1990, but that, in his opinion, the probabilities are that he would have been cured. By their nature, opinions, which are subject to infinite degrees of variation, are frequently more difficult to pin down than are facts. Therefore, where possible, it is preferable to frame requests for admissions as simple declarations of fact, for example, compare "it was hot yesterday" with "it was 80 yesterday." If yesterday was in August, it was cool, if it was in December, then it was hot. In summary, it appears that the Plaintiff has now answered with qualifications the Requests for Admissions based on

Dr. Singer's opinion testimony, and, while they have qualified their answers in a manner which the defense does not approve, the responses now comply with the Rules of Court.